UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARLON PAZ NATIVI,

                               Petitioner,

                 -v-

CHRISOPHER SHANAHAN, *et al.*,

                              Respondents.

16-CV-8496 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Petitioner Marlon Paz Nativi is an asylum seeker who claims he is being detained due to his inability to pay the bond amount set to secure his release pending his immigration proceedings, in violation of statutory and constitutional protections. (Dkt. No. 1 at 1.) Because Paz Nativi has failed to exhaust administrative remedies, his petition for a writ of habeas corpus is denied.

**I.    Background**

Paz Nativi, a native and citizen of Guatemala, has been detained by the Department of Homeland Security ("DHS") since he entered the United States on or about July 1, 2016. (Dkt. No. 1 ¶ 1.) On July 28, 2016, an asylum officer interviewed Paz Nativi and determined that he demonstrated a "credible fear of persecution," entitling him to a full hearing before an immigration judge. (*Id.* ¶ 20.) On November 1, 2016, Paz Nativi had a bond hearing before an immigration judge, who set bond at $20,000. (*Id.* ¶ 21.) In setting bond, the immigration judge relied on the bond determination factors outlined in *Matter of Guerra*, 24 I. & N. Dec. 37 (B.I.A. 2006); she did not take into account Paz Nativi's ability to pay. (*Id.*) Paz Nativi appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). (*See* Dkt. No. 12 Ex. 4.)

1

Paz Nativi filed his petition for a writ of habeas corpus on November 1, 2016.  (Dkt. No. 1 ¶ 27.)  The petition focuses on the immigration judge's failure to consider Paz Nativi's ability to pay in determining the appropriate bond amount.  Paz Nativi argues that his continued detention resulting from the bond determination violates 8 U.S.C. § 1226, as well as the Due Process and Equal Protection guarantees of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment to the United State Constitution.

## II.     Discussion

Under the scheme governing immigration bond proceedings, non-citizens have the right to appeal decisions by immigration judges to the BIA.  *See* 8 C.F.R. § 1236.1(d)(3) ("An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals . . . ."); *see also id.* § 1003.19(f); *id.* § 1003.38(a); *id.* § 1003.1(b).  There is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus; however, such exhaustion is generally required as a prudential matter.  *See Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014) ("Since Congress is silent on the issue, courts have applied a judicially created requirement that, generally, a petitioner must exhaust his administrative remedies before seeking federal court intervention."); *see generally Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995) ("Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'" (quoting *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992))).

Numerous cases in this District have applied this prudential exhaustion requirement to defer decision on habeas petitions where a BIA appeal of a bond determination is pending.  *See, e.g.*, *Palaniandi v. Jones*, No. 15 Civ. 4021, 2016 WL 1459607, at *2 (S.D.N.Y. Mar. 10, 2016)

("In these circumstances, Petitioner's remedy lies with the BIA, to which he has already filed an appeal.  Should the BIA affirm [the immigration judge's] decision, Petitioner may seek the appropriate judicial review at that time."); *Herrera v. Mechkowski*, No. 15 Civ. 07058, 2016 WL 595999, at *1 (S.D.N.Y. Feb. 11, 2016) ("Herrera has already filed with the BIA an appeal to contest the bond denial on the same grounds he contends warrant permission to amend his habeas petition.  If the BIA reverses the immigration judge's decision and grants Herrera a new hearing, then his request to amend his petition would be moot. If the BIA affirms the immigration judge's decision, Herrera may file another habeas petition . . . ."); *Molina Posadas v. Shanahan*, No. 15 Civ. 5691, 2016 WL 146556, at *1 (S.D.N.Y. Jan. 12, 2016) ("To the extent that Petitioner wishes to argue that the [Bond] Hearing did not satisfy the requirements of § 1226(a) and the Due Process Clause, once any administrative exhaustion requirements have been satisfied, he may file another habeas petition raising these new arguments.").

Here, Paz Nativi has appealed his bond determination to the BIA, raising the same grounds as those raised in his petition to this Court.  That appeal is currently pending.  In resolving the appeal, the BIA could modify Paz Nativi's bond amount, and could even evaluate the process followed by the immigration judge in setting Paz Nativi's bond.  The pendency of a BIA appeal that could potentially moot Paz Nativi's habeas petition counsels for the Court to stay its hand until the exhaustion of administrative review in the name of preserving scarce judicial resources and avoiding the possibility of duplicative or conflicting rulings.  If the BIA affirms the immigration judge's bond determination, Paz Nativi may then file a new habeas petition.

None of Paz Nativi's three arguments to the contrary justifies excusing the prudential exhaustion requirement.

Exhaustion may be excused where: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)).

First, Paz Nativi argues that he will suffer irreparable harm if he is required to exhaust administrative remedies.  However, the harm Paz Nativi identifies—continued detention—is insufficient to qualify as irreparable injury justifying non-exhaustion.  *See Giwah v. McElroy*, No. 97 Civ. 2524, 1997 WL 782078, *4 (S.D.N.Y. Dec. 19, 1997) ("If incarceration alone were the irreparable injury complained of, then the exception would swallow the rule that the INS administrative remedies must be exhausted before resorting to the federal courts.").

Second, Paz Nativi argues that administrative appeal would be futile, as the agency has "predetermined the issue before it."  *Montestime v. Reilly*, 704 F. Supp. 2d 453, 456 (S.D.N.Y. 2010) (quoting *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009)).  In support of this argument, he cites several BIA decisions rejecting the relevance of ability-to-pay considerations in bond determinations.  (Dkt. No. 14 at 6.)  However, these decisions do not show that administrative appeal would be futile as to Paz Nativi himself (as the BIA could modify his bond determination) or as to Paz Nativi's underlying claim more generally (as the BIA could consider the ability-to-pay issue more broadly).  The government cites multiple cases in which the BIA has reduced bond amounts on appeal.  (Dkt. No. 13 at 14.)  Moreover, the factors to be considered in bond determinations set out in *Guerra* are nonexclusive, meaning that the BIA, even relying on *Guerra*, could consider ability to pay as a factor in bond determinations.  *Guerra*, 24 I. & N. Dec. at 39-40.

Finally, Paz Nativi argues that exhaustion should be excused because his petition raises substantial constitutional questions. (Dkt. No. 14.) However, because Paz Nativi's constitutional claims could be mooted by a BIA decision setting a reduced bond or remanding for further bond-determination proceedings, and because his procedural due process claim could also be addressed head-on by the BIA, there is insufficient justification to excuse Paz Nativi from the exhaustion requirement here. *See United States v. Gonzalez-Roque*, 301 F.3d 39, 47-48 (2d Cir. 2002) ("While constitutional claims lie outside the BIA's jurisdiction, it clearly can address procedural defects . . . .").

Given the pendency of the BIA appeal, and the absence of any justification for excusing the prudential exhaustion requirement, Paz Nativi is required to exhaust available administrative review before filing a petition for habeas corpus in this Court.

### III. Conclusion

For the foregoing reasons, the petition is DENIED.

The Clerk of Court is directed to close this action.


SO ORDERED.

Dated: January 23, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge